# HUGHES *v.* HUMASON.

PATENTS; INTERFERENCE; LACK OF DILIGENCE.

In an interference proceeding involving a drill bit for use in drilling wells, where it appeared that when the senior party entered the field the junior party had been inactive for some time and his renewed activity was caused by knowledge of his adversary's successful exploitation of the device, concurrent decisions of the Patent Office awarding priority of invention to the senior party were *affirmed.*

No. 1176. Patent Appeals. Submitted November 13, 1918. Decided December 2, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. F. M. Phelps, Mr. Felix T. Hughes, Mr. Howard A. Coombs,* and *Mr. Coke K. Burns* for the appellant.

*Mr. William F. Hall* submitted a brief for appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This appeal by Howard R. Hughes is from concurrent decisions of the Patent Office tribunals in an interference proceeding awarding priority to Granville A. Humason, the senior party.

The invention relates to drill bits for use in drilling wells. There are three counts, the 1st and 3d of which we here reproduce:

"1. A drill bit including a head, a cutter supporting bearing, revoluble cutters on said bearing extending diametrically across the center of one end of the head, and side cutters revoluble in planes converging into the head, all but the active portions of all the cutters being housed in the head."

"3. A drill bit including a head, side cutters revoluble in planes converging into the head, and a series of closely lying revoluble cutters extending continuously across the center of one end of the head and into the path of the side cutters, all but the active portions of all the cutters being housed in the head."

It appears that in 1908 and 1910 bits involving the invention were constructed for Hughes, and each of the tribunals of the Patent Office, after reviewing the evidence, reached the conclusion that the tests of these bits were not sufficient to demonstrate their utility; in other words, that reduction to practice had not been shown. We are satisfied that this conclusion was right. When appellee entered the field, appellant had been inactive for some time, and his renewed activity was caused by knowledge of his adversary's successful exploitation of the device. Having in mind the character of this device and the circumstances surrounding the case, we are fully convinced of the correctness of the decision of the Patent Office, and, without stopping to review the evidence, affirm it.          *Affirmed.*